Ms. Dayle Thomas Augusta, Arkansas 72076 Dear Ms. Thomas:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for my opinion on whether the decision of the custodian of the records at the City of Augusta to deny you access to certain records under the Arkansas Freedom of Information Act or ("FOIA") is consistent with that Act. See A.C.A. § 25-19-101
— 109 (Repl. 2002 and Supp. 2007). Specifically, you have enclosed a copy of an FOIA request you made to the City of Augusta for the "personnel files on all officers and the Chief of Police." You enumerated the names of eight officers in your request. You also stated that your request includes: "Name, DOB, Employment Start Date, Application for Employment, Record Check, Background Check, F-1 Form mailed to Standards, F-2A Form, F-2B Form, F-4 Form, [and] F-6 Form." You also requested "[a]ny and all reports made against any officers above mentioned."
You have enclosed for my review the records you received from the City in response to your request. They consist of the "initial employment report," or F-1 Form for four of the eight listed officers. These forms include certain information, including the names of the four officers, educational backgrounds, law enforcement employment backgrounds, certification levels, employment start dates and a checklist of steps taken in the hiring process. The birth dates and social security numbers of the officers in question have been redacted from these forms. These are apparently the only records you received in response to your FOIA request for the "personnel files" of the officers in question. You seek my opinion as to the correctness of this response to your request. *Page 2 
RESPONSE
My statutory duty under A.C.A. § 2 5-19-105(c)(3)(B) is to determine whether the decision of the custodian of records is consistent with the FOIA. In my opinion, to the extent there are other responsive records in the personnel files of the officers in question, the custodian's decision to withhold them is inconsistent with the FOIA unless the records are subject to some specific exemption from disclosure. Having not reviewed the actual personnel files of the officers in question, I cannot come to any definitive conclusion in this regard. The public nature of the specific types of records you requested is discussed in more detail below.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the officers at issue are city employees, I believe the records you have requested clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305 "if records fit within the definition of "public records" . . . , they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law."
"Personnel files" of public employees, such as you have requested, will typically include "personnel records" as well as "employee evaluations or job performance records" for purposes of the FOIA.See, e.g., Op. Att'y Gen. 2005-011. *Page 3 
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See,e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 3rd Ed., 1998) at 134.
With regard to "employee evaluation or job performance records," again, the FOIA does not define this term, nor has the phrase been construed by the Arkansas Supreme Court. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2006-038; and 2004-012.
Different tests for the release of records apply to "personnel records" and "employee evaluation or job performance records." Custodians must ensure the proper classification of each document within the personnel files in order to apply the proper test relating to each category of record.
Personnel records under the FOIA are exempt from disclosure to the extent that their release would constitute a clearly unwarranted invasion of personal privacy . . ." A.C.A. § 25-19-105(b)(12). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be *Page 4 
tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one.See, e.g., Op. Att'y Gen. 96-133. It has been previously stated that "[a] number of documents contained in personal files are typically releasable under this standard." Op. Att'y Gen. 2006-157,citing Op. Att'y Gen. 2005-011.
"Employee evaluation or job performance records," on the other hand, are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
With regard to the particular information you have requested, I do not have access to any of the disputed records in question, and thus do not know what other *Page 5 
records the custodian may have that would be responsive to your request, or whether any particular exemption applies to shield those records.
I will note, however, that my predecessors and I have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See, e.g., Ark. Ops. Att'y Gen. Nos. 2005-051; 2003-298 and 2002-087. This office has further previously concluded that the names, races, dates of hire and job titles of public employees are subject to disclosure under the FOIA.See, e.g., Ark. Ops. Att'y Gen. Nos. 1995-012 and 91-351. Certain other employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Ops. Att'y Gen. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
The custodian has redacted from the records you have supplied me certain information such as social security numbers and dates of birth of the officers in question. In my opinion, these redactions are appropriate. I have previously concluded that dates of birth of public employees are not subject to inspection and copying under the FOIA.See Op. Att'y Gen. 2007-064. This office has further opined on numerous occasions that social security numbers are not subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-013; 2006-035; 2003-153; 93-300; and 91-003.
With regard to "background check" information, my predecessor has concluded, and I agree, that:
 . . . a blanket denial of access to all background investigation records may be inconsistent with the FOIA. See Ops. Att'y Gen. Nos. 1998-101, 97-286, 96-368, 95-242, 94-113, and 92-319. The FOIA does not provide a blanket exemption for background investigations. For this reason, records reflecting a background investigation must be examined individually and separately to determine whether each such record is disclosable, whether it falls under a specific exemption from disclosure, or whether particular information should be redacted from the records prior to disclosure. *Page 6 
See Op. Att'y Gen. 2005-245 at 5.
With regard to the listed "record check" you requested, I do not have enough information to determine the nature of this "record check" or whether it is properly classified as a "personnel record" or an "employee evaluation or job performance record." In any event, it should be classified by the custodian according to its content and the circumstances surrounding its creation and the applicable test applied to determine its exempt or non-exempt status.
Additionally, I have not been provided with the various "Forms" you seek. Form-1 is apparently the "initial employment report" that you have already been provided. One of my predecessors had occasion to discuss the public nature of F-4 Forms. He stated:
 It is my understanding that "F-4 Forms," which are among the specifically-requested items, are change of status forms that are filed with the Commission on Law Enforcement Standards when an officer is hired, fired, or otherwise has undergone a change in employment status. It is my opinion that if these forms state the reason for the change in status, they constitute "employee evaluation/job performance records," as discussed above, and their release must be evaluated under the test for such records. See Ops. Att'y Gen. Nos. 2001-276; 2000-267; 2000-203; 97-400 (opining that letters of suspension or termination constitute employee evaluation/job performance records if they detail the incidents that gave rise to the suspension or termination). On the other hand, if these forms do nothing more than reflect the change in status itself, without stating the reason for the change in status, they constitute "personnel records," the release of which would not, in my opinion, constitute a clearly unwarranted invasion of the officers' personal privacy. See Op. Att'y Gen. No. 2001-185.
Op. Att'y Gen. 2002-150 at 5. I agree with this conclusion. An analysis and appropriate classification of the remaining forms must be undertaken and their public nature determined by applying the appropriate test.
Finally, with regard to "Any and all reports made against any officers" that you have requested, I am uncertain, without more information, as to the proper classification of these records. As I concluded in Ark. Op. Att'y Gen. 2007-025, complaints *Page 7 
made against police officers by citizens or third parties are properly classified as "personnel records" and are subject to the "clearly unwarranted invasion" test. Records prepared by supervisors at the police department detailing an officer's conduct on the job, or prepared in the course of an internal investigation into an officer's conduct, are treated instead as "employee evaluation or job performance records." As I stated:
 My predecessors have consistently opined that records in an internal affairs file that have been "generated at the behest of an employer in the course of investigating a complaint against an employee constitute `employee evaluation/job performance records'" within the meaning of the FOIA. See Ops. Att'y Gen. 2006-106; 2005-267; 2005-094; 2004-178; 2003-306; and 2001-063. It has been opined, however, that "[d]ocuments not created in the evaluation process do not come within the rationale behind the 25-19-105(c)(1) exemption." See Op. Att'y Gen. 2007-025; 2005-267, citing Op. Att'y Gen. 2005-094.
In accordance with this principle, unsolicited third-party complaints against an employee are not considered employee evaluation/job performance records, although they do qualify as "personnel records" subject to review under the standard discussed above. See Ark. Op. Att'y Gen. No. 2007-206.
The public nature of "Any and All reports made against" the officers thus depends upon the circumstances surrounding their creation, their content, and if they are "employee evaluation and job performance" records, whether the officers have been suspended or terminated and whether the remaining factors for release of that category of record have been met.
In my opinion, therefore, if the City of Augusta maintains records responsive to your request that it has not supplied you, the custodian's decision is inconsistent with the FOIA, assuming the records are not subject to a valid exemption. Having not reviewed any of the remaining records that might be responsive to your request, I cannot come to a definitive conclusion in this regard.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely, *Page 8 
DUSTIN McDANIEL Attorney General *Page 1